Anibal CONTE, Libelant,

v.

**FLOTA MERCANTE DEL ESTADO**
(Argentine State Lines),
Respondent.

United States District Court
S. D. New York.

July 28, 1960.

Cohen & Cohen, Jerome Golenbock, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for respondent.

DIMOCK, District Judge.

This case has been remanded, 2 Cir., 277 F.2d 664, for a recomputation of the damages suffered by an Argentine seaman as a result of an accident in which his right hand was amputated up to the wrist leaving only the thumb.

Argentine law must be applied. Hearings have been held at which extensive testimony has been taken of libelant and of experts in the law and business of Argentina. Under the Argentine law the process of assessment of pecuniary loss which has resulted from an injury is much like the assessment of damages for pain and suffering under our law, in other words it is not susceptible of precise computation. While the Argentine rule is that only pecuniary loss is recoverable, the loss of the amenities is deemed a pecuniary loss. For example the Court of Appeals in this case directed that an allowance be made for a cosmetic prosthesis in addition to the allowance made for a utility prosthesis. 2 Cir., 277 F.2d 671. One of the experts testified that under the Argentine law one who was living on a pension which would continue despite his injury would still be entitled to a recovery.

Libelant was injured on August 29, 1957. On December 31, 1957, he filed the libel in this case. He has been in this country ever since, being treated for his injury and prosecuting this case. He has thus lost $2^{11}/_{12}$ years' earnings. His average earnings for the previous 7 years were $2,773. Thus for loss of cash earnings to date he is entitled to $8,088. He is also entitled to the money equivalent of the food that he would have received as part of his "found" on board ship. The parties have agreed that that is the sum of 500 pesos per month. Libelant received his food in the hospital for about a month and its cost is included in the hospital bill for which recovery is allowed so that the period for which he is entitled to compensation in lieu of food is 34 months. This works out to 17,000 pesos or $207 at the present exchange rate of 82 pesos to the dollar.

The *calculation of libelant's damages* resulting from his inability to continue in the future his pre-injury employment seems especially like the assessment of damages for pain and suffering under our law.

The Argentine law in this respect has been reduced to this formula on which the experts for both sides agreed: the court must take into account the claimant's earning power, the degree of his injury, his age, his sex, his social condition, and his education. These elements include the difference between what the claimant could have earned but for the injury and what he can earn in his injured condition but this is only one of the elements.

Applying that formula I fix libelant's damages resulting from his inability to continue his pre-injury employment at $36,905. While, to a large extent, the elements of this award are inter-dependent I shall proceed to itemize it as best I can.

The present rate of base pay for a mechanic-plumber—the position held by libelant—is 3,040 pesos per month. Besides that there is overtime of 4,500 pesos a month and so-called "bonification" of 1,600 pesos a month. One-twelfth of the total is added pursuant to Argentine labor law. It is the custom that, at the arrival in New York on each of the voyages on the Buenos Aires-New York run in which libelant was engaged, 62% of the total base pay and overtime for the northbound voyage is paid in twice as many dollars as libelant would be entitled at the normal exchange rate. The vessel makes about 13 round trips every two years. Seamen are not under the necessity of spending anything for board and lodging ashore. Corresponding arrangements are made for other runs so that the particular run is not a major factor. Nevertheless, since libelant's employment in 1943, he has spent only four or five years on runs to countries other than the United States. From credible testimony I find that libelant was paid for about 11 months' work in each of the 7 last years that he worked and I therefore find that, but for the injury, he would have worked 11 months out of each year of his working life. Libelant's earnings for the year beginning August 1, 1960, would be as thus calculated:

| | | | |
|---|---|---|---|
| 11 months base pay at 3040 pesos | Ps. 33,440 | | |
| 11 months overtime at 4500 pesos | 49,500 | | |
| Total base pay and overtime | 82,940 | | |
| Add ¹⁄₁₂ | 6,911 | | |
| | 89,851 | Ps. | 89,851 |
| 11 months bonification | 17,600 | | |
| Add ¹⁄₁₂ | 1,466 | | |
| | 19,066 | | 19,066 |
| Base pay and overtime | 89,851 | | |
| Pay for 1 one way trip (¹⁄₁₂) | 7,488 | | |
| 62% due on each N. Y. arrival | 4,643 | | |
| Due for say 6 N. Y. arrivals during year | 27,858 | | 27,858 |
| | | Ps. | 136,775 |
| Dollars at present rate of 82 pesos to the dollar | | | $1,668. |
| 11 months food at 500 pesos | 5,500 | | 67. |
| 1960 compensation in dollars | | | $1,735. |

Strange as it may seem, this year's figure of $1,735 is considerably less than the average for the last 7 years that libelant worked but I am directed by the Court of Appeals to apply the rate in existence at the time of judgment to the computation of the amount of future wages lost. 2 Cir., 277 F.2d 671.

The next question is the length of libelant's working life. His employer would have been entitled to discharge him at age 50 but by mutual agreement he might have worked longer. He is now 40 years old. Life expectancy tables are not used in the Argentine courts but as hereinafter appears I find independently that libelant will live to age 70. An Argentine case was cited which fixed age 56 as the end of a claimant's useful life and I feel that I cannot do better than accept that.

The experts on both sides agreed that no Argentine case could be found where the court expressly allowed to defendant a discount for prepayment of wages. The opinion in one case seemed to state the rule in terms of a capital sum sufficient to produce the lost wages but, on such slight evidence of a tendency, I ought not to be the first actually to adopt the discount practice under the Argentine law.

It is true that the awards for future purchases of gloves and prosthetic devices, that have not been remitted to me for revision, have been reduced by discount for present payment in a sum totaling $1,010. Since the amounts have not been remitted to me for revision, however, I think that I have no power to restore this discount. I find, nevertheless, that it would not have been deducted by an Argentine court.

At the year 1961 libelant would have held the position of mechanic-plumber for 5 years. At that time he would have been entitled to an increase of 5% in his pay. Again in 1966, and 1971, he would have been entitled to such a 5% increase.

His lost pay until 1976 when he will have attained age 56 would be as follows:

| | | |
|---|---|---|
| Pay 1 yr to August 1, 1961 at $1668 | $ 1,668. |
| Pay 5 yrs to August 1, 1966 at $1751 | 8,755. |
| Pay 5 yrs to August 1, 1971 at $1839 | 9,195. |
| Pay 5 yrs to August 1, 1976 at $1931 | 9,655. |
| Total | $29,273. |

From this must be deducted what libelant will be able to earn. Testimony as to the pay for various jobs in Argentina was admitted but the only one for which I find libelant is fitted is that of a messenger. For that the pay is $215 a year at the present rate of exchange. This sum must be deducted for each of the 16 years of prospective useful life of libelant or in all $3,440.

To recapitulate:

| | |
|---|---|
| Lost prospective pay for 16 years | $29,273. |
| Less actual prospective pay for 16 years | 3,440. |
| | $25,833. |
| Plus lost "found" for 16 years at $67. | 1,072. |
| | $26,905. |

There remains the question of the other elements of pecuniary loss that are considered by Argentine courts. As above stated all elements are catalogued as the libelant's earning power, the degree of his injury, his age, his sex, his social condition and his education. We know from the Argentine decisions that these include an award above and beyond loss of actual wages since recovery is allowed even for one who is not working and living on a pension. The above computation takes into consideration earning power, degree of injury, sex and education. That leaves for consideration libelant's social condition and the period after age 56 when he would not have been employed. Libelant has a wife and two children. While Argentine courts would not use life expectancy tables, libelant's ap-

pearance is a sufficient basis for my finding of an expectancy of at least the 14 additional years to which American tables would entitle him. If libelant had been able to continue his work as an employee of respondent he would, under Argentine law, have been entitled to retire on a pension at or after age 50 since prior thereto he would have satisfied an additional requirement of law that he must have worked for more than 20 years to qualify for a pension. The accident thus deprived him of that pension which would have been paid him during the 14 years after he had exhausted his work expectancy.

I increase the figure of $26,905 for pecuniary damage by the sum of $10,000 made up of the amount of $1,000 on account of each of libelant's wife and two children and by the amount of $500 for each of the 14 years of life expectancy after the close of the period of his work expectancy when he would be without earnings or pension. This adds up to $36,905 for damages resulting from inability to continue in the future his pre-injury employment.

The total award is thus as follows:

| | |
|---|---:|
| Lost earnings to date | $ 8,088. |
| " "found" " " | 207. |
| Damages resulting from inability to continue in the future his pre-injury employment | 36,905. |
| Gloves | 1,250. |
| Utility prosthesis | 2,050. |
| Hospital | 447. |
| Doctor Littler | 2,000. |
| Cosmetic prosthesis | 4,250. |
| | $55,197. |

This memorandum is intended to embody findings of fact and conclusions of law. If any additional ones are desired any party may make application to me within seven days after the appearance of a note of this decision in the New York Law Journal.

Settle judgment on notice.